## No. 14,311.

### PEOPLE EX REL. BAIRD *v.* DOWNING.

(86 P. [2d] 254)

Decided December 27, 1938.

Mr. ROY T. JOHNSON, Mr. MARCUS C. LEH, for plaintiff in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. OLIVER DEAN, Assistant, for defendant in error. Mr. WARWICK M. DOWNING, pro se.

*En Banc.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THIS is a quo warranto proceeding brought in the district court on the relation of Ralph O. Baird, claiming to be a member of the Highway Advisory Board, to oust the defendant in error Warwick M. Downing, defendant below, who claims to be his successor. A judgment adverse to the relator is before us for review.

On December 30, 1936, the relator Baird was appointed

by the governor of Colorado to fill a vacancy on the board resulting from the resignation of one Peter Seerie, member from district No. 1. The term in question normally runs to May 7, 1939.

On June 3, 1937, the Honorable Teller Ammons, then governor, issued the following executive order duly signed and sealed, and recorded in his office:

"Ordered: That Mr. Warwick M. Downing of the City and County of Denver, State of Colorado, be and he hereby is appointed a member of the Highway Advisory Board, District No. 1, for a term expiring May 7, 1939."

On the same day the Governor officially signed, and caused to be served upon the relator Baird at Denver, the following notice:

"This is to advise you that I have today appointed Mr. Warwick M. Downing as a member of the Highway Advisory Board for District No. 1, comprising the City and County of Denver.

"Mr. Downing's appointment becomes effective as of June 3, 1937, and this is to notify you that your appointment as a member of the Highway Advisory Board terminates as of June 3, 1937."

On August 20, 1937, seventeen days after the proceedings were instituted and three days before the defendant's answer was due and filed, the Governor officially signed, and caused to be served upon the relator Baird, the following further notice, duly recorded in the office of the Governor:

"On June 3, 1937, I sent you a letter advising you that I had on that day appointed Mr. Warwick M. Downing as a member of the Highway Advisory Board for District No. 1, comprising the City and County of Denver; that Mr. Downing's appointment became effective as of June 3, 1937, and that your appointment as a member of the Highway Advisory Board terminated as of that date. This, of course, meant that you were on June 3, 1937, removed as a member of the Highway Advisory Board of the State Highway Department for said District No. 1.

"The cause for your removal, which was not stated in my letter of June 3, was, and is, among others, that you did not properly or competently represent the interests of said District No. 1, or the people thereof, in matters pertaining to public highways or the State Highway Department."

The controversy herein arises upon the following allegations in the plaintiff in error's replication:

"Allege that Relator has never had any notice of any charges setting forth any cause whatever for his removal as a member of said Highway Advisory Board, and that no charges whatever setting forth any cause or causes or reason whatever for the removal of Relator from said office has ever been filed or entered against Relator, with or by the Governor of the State of Colorado. That Relator has never had any notice of any hearing as to his right to hold said office, or to remove him therefrom. That no hearing, whatever, of any charges against Relator as such officer, or for his removal from said office has ever been had or held; that Relator has never at any time upon any question relating to his removal from said office had any opportunity to present evidence in his own behalf, or, to cross examine any witness against him, or to appear at all. That said pretended removal of Relator from said office was without cause or hearing, the arbitrary and ex parte act of the Governor of the State of Colorado, and wholly void."

A demurrer to these allegations of the replication was sustained. The plaintiff in error elected to stand on the replication. After admitting certain formal evidence stipulated by the parties, including the oaths of office filed by the relator and the defendant on December 31, 1936, and June 7, 1937, respectively, the court found the issues in favor of the defendant Downing and dismissed the case.

■ Thus the sole question before us is whether the failure of the Governor to serve upon relator a notice of charges setting forth a cause for removal or the Governor's failure to hold a hearing before removing relator

from office renders the attempted removal void. It is conceded that the power of removal depends entirely upon section 100 of chapter 143, '35 C. S. A. The pertinent part of this section provides as follows: "Members of the board may be removed by the governor for cause."

Had the statute provided that the members might be removed by the Governor for one or more specified causes, the member would probably have had the right to demand a hearing. Such is not the present case. Under the statutory provision quoted above, the governor is given the right to remove for any cause satisfactory to him. There is not even the limitation which appears in such statutes as the one involved in *Trimble v. People ex rel.*, 19 Colo. 187, 34 Pac. 981, which statute provided: "All appointments by the governor shall be made with power of suspension or removal at any time for cause, to be stated in writing, but not for political reasons." It is true that the Governor in that case did provide a hearing, but we there held the hearing not to have been necessary. The principles laid down in the Trimble case apply all the more clearly here, because in the case at bar the original appointment did not require, as it did there, the preliminary advice and consent of the Senate.

In the Trimble case at page 197 we said: "The legislature, in dealing with these officers, was dealing with the chief executive officer of the state and with the chief executive officer of the city of Denver. It certainly understood that in administering the affairs of the state in the one instance, and the affairs of the city of Denver in the other, these administrative officers would be likely to be called upon to act in a summary manner with their subordinates in certain contingencies, and the fact, if it be a fact, that the governor acted in this case without sufficient reflection, is a weak argument against the investiture of the power of removal in the executive of officers appointed by him. Experience has demonstrated that the power of removal must be lodged somewhere; and the fact that the power exists and may be exercised as occasion requires carries

with it the possibility that the power may not always be wisely used. But if this is to be taken as a conclusive argument against the power, it applies as well to all investiture of authority, and would overthrow government itself.''

We immediately added: ''Whatever may be the rule as to those officers, the removal of whom for certain specified causes is provided by other statutes or by the constitution, the governor, under the statute before us, is not required, as a prerequisite to removal, to institute an investigation in the nature of a judicial or quasi-judicial inquiry. The investiture of the power of removal here given is restricted in but two particulars; it must not be exercised for political reasons, and the cause of removal must be stated in writing.'' In the statute applicable in the case at bar the power of removal is subjected to no restrictions or conditions whatever.

The other cases cited by counsel for plaintiff in error can readily be distinguished from the case before us and it will serve no useful purpose to discuss them in this opinion.

Judgment affirmed.

MR. JUSTICE BAKKE and MR. JUSTICE HOLLAND not participating.